IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAPHAEL CRUZ-RIVERA,

    Petitioner,

v.                                                        Civil Action No. 5:15CV17
                                                                               (STAMP)

TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING WITHOUT PREJUDICE
RESPONDENT'S MOTION TO DISMISS,
OR FOR SUMMARY JUDGMENT AND
TRANSFERRING THIS CIVIL ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

    The petitioner filed this pro se[1] petition under 28 U.S.C. § 2241 challenging the execution of his sentence. This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The respondent filed a motion to dismiss or for summary judgment, and alternatively for transfer of venue. The magistrate judge issued a report recommending that the respondent's motion to dismiss or for summary judgment be denied and that this civil action be transferred to the United States District Court for the District of Puerto Rico. Neither party filed objections to the report and recommendation. For the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

following reasons, this Court adopts and affirms the report and recommendation, denies without prejudice the respondent's motion to dismiss or for summary judgment, and transfers this civil action to the United States District Court for the District of Puerto Rico.

## I. Background

The petitioner was convicted in the Commonwealth of Puerto Rico ("Commonwealth") of murder, escape, kidnaping, armed robbery, and certain weapons offenses. He was sentenced to 140 years imprisonment, with a minimum parole eligibility date of December 14, 2010. The petitioner was transferred to the custody of the Bureau of Prisons ("BOP") under an agreement between the Commonwealth and the BOP as authorized by 18 U.S.C. § 5003.

The BOP received an updated sentence summary from the Commonwealth, which seemed to indicate that the petitioner was eligible for parole. The Commonwealth has not directed the BOP to release the petitioner or to transfer him for parole proceedings. The petitioner argues that the BOP has failed to compute his sentence in a manner that notifies the Commonwealth that he is eligible for parole, arguing that this violates his due process rights. He asks that this Court order his release or transfer to the appropriate authorities for a parole determination.

The respondent filed a motion to dismiss the petition or for summary judgment, arguing that the BOP's alleged failure to release the petitioner or produce him for a parole determination does not

violate the petitioner's constitutional rights. Alternatively, the respondent argues that this civil action should be transferred to the United States District Court for the District of Puerto Rico, as that court may exercise personal jurisdiction over the petitioner's legal custodian in the Commonwealth. The petitioner does not oppose a transfer.

Magistrate Judge Trumble found that the petition should be construed as a petition for habeas relief under 28 U.S.C. § 2254 rather than § 2241, as § 2254 is the exclusive vehicle for state prisoners to seek federal habeas relief. The magistrate judge further found that this Court lacks personal jurisdiction over the petitioner's legal custodian, either the Commonwealth of Puerto Rico or the Puerto Rico Department of Corrections and Rehabilitation. Accordingly, the magistrate judge recommends transferring this civil action to the United States District Court for the District of Puerto Rico. Neither party filed objections to the magistrate judge's report and recommendation.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those findings to which objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Because neither party filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed for clear error.

### III. Discussion

Magistrate Judge Trumble found that § 2241 is an improper vehicle for the petitioner's claims because he is a state prisoner, despite being held by the BOP under a § 5003 agreement, and that such challenges must be brought under 28 U.S.C. § 2254. The magistrate judge further concluded that the proper respondent to the petition should be his legal custodian, either the Commonwealth of Puerto Rico or the Puerto Rico Department of Corrections and Rehabilitation. Having reviewed the record and relevant authorities, this Court finds no clear error in the magistrate judge's conclusions.

A state prisoner may not challenge the execution of his sentence under § 2241, but must do so under § 2254. Gonzalez-Fuentes v. Molina, 607 F.3d 864, 875 n.9 (1st Cir. 2010); White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2010); Rittenberry v. Morgan, 468 F.3d 331, 337 (6th Cir. 2006); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002); Crouch v. Norris, 252 F.3d 720, 723 (8th Cir. 2001); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Contra Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). The general rule for

4

habeas jurisdiction is that the petition must be brought in a district court having personal jurisdiction over the petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 442 (2004). Magistrate Judge Trumble correctly noted that if the petitioner's dispute is with legal custodian in a different jurisdiction, the petition should be filed in a district court having personal jurisdiction over the legal custodian. See Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484, 498-500 (1973) (concluding that the District Court for the Western District of Kentucky had jurisdiction over an Alabama prisoner's habeas petition naming a Kentucky state court rather than his immediate custodian because the petitioner's "dispute [wa]s with the Commonwealth of Kentucky, not the state of Alabama"). The petitioner's dispute here is with the Commonwealth, not with the BOP. Thus, the magistrate judge correctly concluded that the proper respondent should be the Commonwealth and that this Court lacks personal jurisdiction over the Commonwealth. Accordingly, this Court finds no error in the magistrate judge's recommendation that this civil action be transferred to the United States District Court for the District of Puerto Rico, as that court may exercise personal jurisdiction over the Commonwealth. This Court defers to the District of Puerto Rico as to any amendment to the caption of this civil action.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 21) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 15) is DENIED WITHOUT PREJUDICE, and this civil action is TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail, to counsel of record herein and to the Clerk of the United States District Court for the District of Puerto Rico.

DATED:    March 4, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE