# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**RAPHAEL CRUZ-RIVERA,**

    **Petitioner,**

    v.

**TERRY O'BRIEN, WARDEN,**

    **Respondent.**

**Civil No. 16-1429 (ADC)**

## OPINION AND ORDER

Petitioner Raphael Cruz-Rivera filed a pro se petition, followed by an amended petition, for relief pursuant to 28 U.S.C. § 2241. **ECF Nos. 1, 6**. For the following reasons, the Court **DENIES** the petition. **ECF No. 6.**

**I.    Background**

In 1982, the Commonwealth of Puerto Rico sentenced petitioner to a term of 140 years imprisonment following a guilty plea to kidnapping, first degree murder, second degree murder, two counts of felony escape, four counts of armed robbery, and a weapons violation. **ECF Nos. 6** at 2; **16-1** at 4. With good time credit, petitioner's sentence expires on May 22, 2056, with a minimum parole date originally calculated as December 14, 2010. **ECF No. 16-1** at 6.

Petitioner has served the majority of his sentence as a "state boarder," a non-federal inmate, confined in a federal prison facility under the custody of the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 5003. In May 2014, petitioner sought to inquire about his "parole hearing

status." **ECF No. 1** at 3. He pursued this inquiry by sending letters to "Coordinator Inmates in Federal Prison Commonwealth of Puerto Rico Department of Corrections Interstate Compact Office"; "Puerto Rico Pro[b]ation Office" addressed to a federal office building; and "Office of Governor of Puerto Rico." **ECF No. 1-2**. Petitioner filed a series of requests within the prison, seeking an update on the "status of [his] release." **ECF No. 1-4** at 1, 4, 8. The prison responded by affirming the terms and nature of his state sentence, emphasizing that a parole eligibility date "is not a release date," and directing him to contact the Commonwealth of Puerto Rico for information on parole. *Id*. at 3, 5, 9. The prison informed petitioner that it contacted "Puerto Rico authorities" to confirm the computation of petitioner's sentence and that the local authority indicated that it "conduct[s] regular reviews of [petitioner's] case to determine parole eligibility based on [his] programming and Progress Reports." *Id.* at 3.

Petitioner then filed this § 2241 motion in the jurisdiction in which he was then incarcerated, the Northern District of West Virginia, against Warden Terry O'Brien of the United States Penitentiary–Hazelton. **ECF No. 1**. He argues that the BOP failed to properly compute his state sentence "in a manner that notifies the Territorial Parole Authorities of his service of the minimum sentence," thereby depriving him of liberty without due process. **ECF No. 6** at 5.

Warden O'Brien opposed the petition, arguing, among other things, that the matter should be transferred to the District of Puerto Rico because "the lawful custodian and proper respondent to this action is the Commonwealth of Puerto Rico." **ECF No. 16**. The West Virginia court agreed and transferred the case to this court on March 11, 2016. **ECF Nos. 21, 23, 24**.

## II. Legal Standard

A "motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Rodríguez v. Martínez*, 935 F.Supp.2d 389, 395 (D.P.R. Jan. 30, 2013) (emphasis, citation, and internal quotation marks omitted). *See also Muniz v. Sabol*, 517 F.3d 29, 33–34 (1st Cir. 2008). "[P]risoners in state custody," i.e., pursuant to a state court judgment, "are required to comply with all the requirements laid out in [28 U.S.C.] § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses." *González-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010) (referencing *Brennan v. Wall*, 100 F. App'x 4, at *4–5 (1st Cir. 2004) (per curiam) (holding that "a state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254")). Relief under § 2254 is not available unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *accord Higgins v. State of R.I.*, 187 F.3d 622, at *1 (1st Cir. 1998) (per curiam) ("A § 2241 habeas petition must exhaust his available state court remedies.").

## III. Analysis

Petitioner claims that his due process rights were violated by having been deprived of a parole hearing since surpassing the minimum date of eligibility outlined in his sentence. There are several problems with this argument.

First, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). In other words, "inmates do not have a 'liberty right' to parole under" federal law. *Ainsworth v. Stanley*, 317 F.3d 1, 5 (1st Cir. 2002) (citation and additional internal quotation marks omitted); *accord Morales-Camacho v. Commonwealth of P.R.*, 2010 WL 55957, at *1, 4 (D.P.R. Jan. 4, 2010) (holding that because there is no constitutional right to parole, the parole board's overdue response does not amount to a due process violation). And there is similarly no such right under Puerto Rico law, which explicitly and repeatedly describes parole as a privilege.[1] *See, e.g.*, P.R. Laws Ann., tit. 4, §§ 1503c, 1503d.

Furthermore, petitioner's claim that the BOP failed to alert the "Territorial Parole Authorities of his service of the minimum sentence" is refuted by the record. **ECF No. 6** at 5. Prison representatives responded to petitioner's inquiries, writing that "Puerto Rico authorities have been contacted in regards to [his] sentence calculation and have determined it is correct. They conduct regular reviews of [his] case to determine parole eligibility based on [his] programming and Progress Reports." **ECF No. 1-4** at 3. Prison officials repeatedly reminded petitioner of the implications of serving a state sentence in federal prison, directing him to contact the Commonwealth of Puerto Rico regarding parole eligibility and hearings. *Id*. at 5, 9.

---

[1] Additionally, an inmate's parole eligibility is based on more criteria than simply attainment of the eligibility date outlined in his sentence. *See* P.R. Laws Ann., tit. 4, § 1503d (listing eleven criteria to be considered by the Parole Board). The prison informed petitioner of this when it explained that the local authorities regularly review his parole eligibility in conjunction with his "programming and Progress Reports." **ECF No. 1-4** at 3.

Moreover, a review of a prisoner's eligibility for parole in Puerto Rico is triggered by the inmate's formal request to the Parole Board. P.R. Laws Ann., tit. 4, § 1503c. There is no indication that petitioner submitted a formal request to the Parole Board. The Court notes that petitioner submitted a number of inquiries regarding his release status to various entities, none of which were the Puerto Rico Parole Board.[2] Thus, petitioner has not met the exhaustion requirements of § 2254. Additionally, because there is no "substantial showing of the denial of a constitutional right" within the meaning of 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability, as requested by petitioner. **ECF No. 19-1** at 6.

**IV. Conclusion**

The petition for habeas relief is **DENIED**. **ECF No. 6.** The Clerk of Court is to enter judgment accordingly. Clerk of Court shall also amend the caption of this case to include the Commonwealth of Puerto Rico. Petitioner's motion at **ECF No. 31** is **MOOT**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of February, 2019.

                                                     **S/AIDA M. DELGADO-COLÓN**
                                                     **United States District Judge**

---

[2] Petitioner directed one letter to the "Puerto Rico Pro[b]ation Office Main Office-San Juan," addressing it to "400 Federico Degetau Federal BLDG." **ECF No. 1-2** at 2. While petitioner may have intended this letter go to the state probation authority, it is not clear if his request ever reached that entity as addressed inasmuch as the same is not located at the Federico Degetau Federal Building but rather at Ave. Teniente César González, Esq. Calle Juan Calaf #34 Urb. Industrial Tres Monjitas, San Juan. Petitioner shall address his request to said address.